UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDUCATION EXPLOSION, INC. d/b/a IMPACT CHARTER<br><br>Plaintiff,<br><br>v.<br><br>LOUISIANA BOARD OF ELEMENTARY AND SECONDARY EDUCATION<br><br>Defendant. | Civil Action No. 3:25-cv-00163-JWD-RLB |

## LOUISIANA BOARD OF ELEMENTARY AND SECONDARY EDUCATION'S BRIEF ON THE PROPER GOVERNING BOARD

MAY IT PLEASE THE COURT:

### BACKGROUND

Education Explosion, Inc. entered into a Type 2 Charter Contract ("the Charter Contract") with the Board of Elementary and Secondary Education ('BESE") for the purpose of operating Impact Charter Elementary.[1] The Charter Contract is a legally binding agreement between the BESE and Education Explosion, Inc. The document establishes the school's operational, financial, governance, and compliance requirements, ensuring adherence to state and federal education laws. It outlines the responsibilities of the charter school, including student enrollment, curriculum, financial oversight, personnel management, and facility maintenance. The contract also details performance evaluation criteria, renewal terms, and potential grounds for revocation if the school fails to meet contractual obligations. The Charter Contract provides for broad oversight by BESE

---

[1] Ex. 1, "Type 2 Renewal Charter Contract entered into by Education Explosion, Inc. and the Louisiana Board of Elementary and Secondary Education," R. Doc. 14-1.

1

and the Louisiana Department of Education ("LDOE"), which have the authority to conduct audits, site visits, and require corrective actions to ensure the school's accountability and compliance.

Staff for BESE and LDOE initiated an investigation to determine whether Education Explosion, Inc. was compliant with applicable laws and policies and to assess if any corrective action was necessary. The investigation was prompted by concerns related to financial management, governance, and accountability and operation compliance. The Charter Contract affords BESE and LDOE broad oversight authority[2], and the investigation aimed to ensure that the school was adhering to state regulations, laws, and its contractual obligations.

Pursuant to section 2.22.1 of the Charter Contract[3], BESE sent Education Explosion, Inc. a request for records on February 11, February 12, 2025, and February 18, 2025.[4] Education Explosion, Inc. failed to produce all the requested records, raising further concerns about compliance. Due to these ongoing concerns, on February 18, 2025, BESE issued a notice to Education Explosion, Inc. of its intent to hold a hearing to reconstitute the board of directors of Education Explosion, Inc.[5] The hearing was scheduled for February 21, 2025, and was intended to evaluate the extent of the school's noncompliance, determine whether the governing board's reconstitution pursuant to La. R.S. 17:3992(D) was necessary to address deficiencies, and ensure appropriate oversight and accountability moving forward.

BESE published public notice of the hearing.[6] The Education Explosion, Inc.'s attorney was present at the hearing, and a member of the board of Education Explosion, Inc. addressed

---

[2] Ex. 1, "Type 2 Renewal Charter Contract entered into by Education Explosion, Inc. and the Louisiana Board of Elementary and Secondary Education," § 2.20.1, at 12, R. Doc. 14-1
[3] Ex. 1, "Type 2 Renewal Charter Contract entered into by Education Explosion, Inc. and the Louisiana Board of Elementary and Secondary Education," § 2.22.1, at 12, R. Doc. 14-1.
[4] Ex. 2, "Letters to Education Explosion, Inc. dated February 11, 2025, February 12, 2025, and February 18, 2025," R. Doc. 14-2.
[5] Ex. 3, "Letter dated February 18, 2025 to Education Explosion, Inc. regarding hearing," R. Doc. 14-3.
[6] Ex. 4, "BESE Special Called Meeting, February 21, 2025," R. Doc. 14-4.

BESE during the proceedings. During the hearing, BESE addressed Education Explosion, Inc.'s failure to meet generally accepted accounting standards of fiscal management, specifically citing the failure to maintain active membership, the failure to implement a process for fiscal oversight, the failure to establish opportunities for meetings to enact sound fiscal oversight activities, and the failure to produce reasonably accessible existing documents. These deficiencies reflected serious breaches of the Charter's obligations in school governance and contractual commitments, prompting BESE to take action to ensure proper oversight and management of Impact Charter Elementary.

After receiving public comment, BESE voted to reconstitute the board of directors of Education Explosion, Inc., pursuant to La. R.S. 17:3992(D), and appoint new members from a list of names provided to BESE from LDOE.

The former board of Education Explosion, Inc. subsequently filed this suit challenging BESE's decision to reconstitute its governing board pursuant to La. R.S. 17:3992(D), alleging violations of the U.S. Constitution, federal law, and Louisiana law. Seeking injunctive and declaratory relief, The former board of Education Explosion, Inc. contends that BESE's actions unlawfully interfered with its governance despite the express terms of its charter contract and applicable state law.

**ARGUMENT**

At a status conference held on May 19, 2025, the Court ordered briefing on a single, narrow issue: which board constitutes the proper party to represent Education Explosion, Inc. in this litigation. That question is resolved by looking to Louisiana law and the Charter Contract, both of which confirm that the Reconstituted Board, installed by BESE pursuant to La. R.S. 17:3992(D), is the only body authorized to act on behalf of the nonprofit corporation. Education Explosion, Inc.

3

is a nonprofit entity organized to operate a public charter school under a Type 2 charter approved by BESE. Education Explosion Inc.'s governance is subject to the Louisiana Public Charter School Law, La. R.S. 17:3971 *et seq*. When BESE reconstituted the board under its express statutory authority in La. R.S. 17:3992(D), following all required procedures, that action had immediate legal effect. The Former Board was removed and lost any authority it may have had to represent the organization, including in this suit. The Reconstituted Board is therefore the only proper plaintiff.

## I. BESE Has Express Statutory Authority to Reconstitute the Governing Boards of Nonprofit Charter Operators Under State Law

Education Explosion, Inc. is not an ordinary nonprofit corporation. It was created for the purpose of operating a Type 2 charter school under a contract with BESE and is subject to the statutory framework governing charter schools in Louisiana. Under La. R.S. 17:3991(A)(1)(a), "Except for a Type 4 charter school, a charter school approved and established in accordance with the provisions of this Chapter shall be organized as a nonprofit corporation under applicable state and federal laws." That nonprofit's structure, operations, and governance are subject to the obligations imposed by the Louisiana Public Charter School Law, La. R.S. 17:3971 *et seq*.

Louisiana Revised Statutes 17:3992(D)(1) explicitly authorizes a chartering authority to reconstitute a charter school's governing board under specified conditions and procedural safeguards:

> D. (1) As an alternative to revocation as provided for in Subsection C of this Section, and in accordance with rules promulgated by the state board, the chartering authority may reconstitute the governing body of the charter holder if the chartering authority determines that the governing body of the charter holder has done one of the following:
>
> (a) Committed a material and uncorrected violation of applicable law relative to the finances of the school or the health, safety, or welfare of the students enrolled at the school.

4

(b) Failed to satisfy accountability provisions prescribed by the charter or the chartering authority.

(c) Failed to meet generally accepted accounting standards of fiscal management.

(d) Committed material violations of the bylaws of the organization or nonprofit laws of the state.

(e) Is imminently insolvent as determined by the chartering authority.

(2) The action that the chartering authority takes pursuant to this Subsection shall be based on the best interest of the public charter school's students, the severity of the violation, any previous violation that the school has committed, and the accreditation status of the school and shall be implemented after a public hearing.

BESE, as the chartering authority for the Type 2 Charter issued to Education Explosion, Inc., acted under this express statutory authority. BESE determined that the former board of Education Explosion, Inc. had committed multiple violations contemplated by the statute, including failure to meet generally accepted accounting standards of fiscal management and material violations of nonprofit governance requirements.

BESE strictly adhered to the statutory process. It issued notice, held a public hearing, and voted to reconstitute the board in the best interest of the school's students. The former board of Education Explosion, Inc. was represented by counsel at the hearing and had an opportunity to be heard. BESE's decision was a lawful exercise of its statutory authority, carried out in full compliance with the procedures set forth in La. R.S. 17:3992(D).

Further, the Charter Contract of Education Explosion, Inc. confirms and reinforces this authority. The contract binds the school to comply with the Louisiana Public Charter School Law, La. R.S. 17:3971 *et seq*. and any lawful amendments. The Charter Contract specifically recognizes that changes to applicable law shall apply to the operation of the charter school. Accordingly, the Former Board of Education Explosion, Inc. cannot now dispute the very authority it agreed would

5

govern its conduct. BESE did what the statute authorizes, in the manner the statute requires, for reasons the statute contemplates. BESE's action to reconstitute the board of Education Explosion, Inc. was lawful.

## II.    The Reconstituted Board is the Only Lawful Governing Authority

When BESE reconstituted the governing board of Education Explosion, Inc. pursuant to La. R.S. 17:3992(D)(1), that action had immediate legal effect. The Former Board was removed and replaced through a process authorized by statute and implemented in compliance with all procedural requirements. From that point forward, the Reconstituted Board of Education Explosion Inc. appointed by BESE became the sole governing body of the nonprofit corporation.

The Reconstituted Board of Education Explosion, Inc. now holds exclusive authority to act on behalf of Education Explosion, Inc. This includes legal representation, decision-making authority, financial and operational oversight, and all other powers associated with governance of a nonprofit charter school. The Former Board, having been properly replaced, no longer possesses any legal authority to act for Education Explosion, Inc.

Although Plaintiff disputes the validity or consequences of BESE's action, that dispute does not alter the legal framework that governs this issue. BESE acted pursuant to an express statutory grant of authority under La. R.S. 17:3992(D), and its decision to reconstitute the board of Education Explosion, Inc. is binding. Only the Reconstituted Board may act on behalf of Education Explosion, Inc.

## III.    The Former Board Lacks Authority to Litigate on Behalf of Education Explosion, Inc.

Once BESE reconstituted the board of directors of Education Explosion, Inc. pursuant to La. R.S. 17:3992(D), the Former Board ceased to have any lawful authority to act on behalf of the nonprofit corporation. That includes the authority to bring or maintain litigation in the name of

Education Explosion, Inc. The Former Board was removed by BESE through a process expressly authorized by statute, and the individuals now purporting to act in the name of the former board do so without corporate authorization.

The United States Supreme Court's decision in *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986), though factually distinct, reinforces the core principle that only a duly authorized governing body may represent a corporate or institutional entity in court. In *Bender*, a single school board member attempted to appeal a decision on behalf of the board after the board itself voted not to pursue further litigation. *Id*. at 539. The Court held that the board member lacked standing and did not have capacity to sue on behalf of the board. *Id*. at 548-549. More broadly, the Court noted: "Generally speaking, members of collegial bodies do not have standing to perfect an appeal the body itself has declined to take." *Id*. at 544

While *Bender* did not involve a reconstituted nonprofit board, the principle applies by analogy. The Former Board of Education Explosion, Inc. does not hold legal authority under Louisiana law following BESE's reconstitution pursuant to La. R.S. 17:3992(D). Once that statutory action was taken, only the Reconstituted Board remained authorized to act on Education Explosion Inc.'s behalf. The Former Board's attempt to litigate in the name of the entity despite having been lawfully displaced reflects a similar defect the Court rejected in *Bender*. The Court should do the same here and find that only the Reconstituted Board has standing to represent Education Explosion, Inc.

### IV. Plaintiff's Challenge is a Collateral and Improper Attack on BESE's Lawful Authority Under State Law

The dispute over which board governs Education Explosion, Inc. stems from the original board's attempt to resist the legal consequences of BESE's reconstitution decision under La. R.S. 17:3992(D). Rather than bring a direct constitutional challenge to the statute itself, Plaintiff seeks

7

to undermine its operation by reframing a governance matter as a federal dispute over rights and authority.

BESE acted pursuant to a statute that clearly permits reconstitution when specified conditions are met. The Former Board has not sought to enjoin BESE's future application of La. R.S. 17:3992(D), nor does it bring a facial or as-applied constitutional challenge to the statute itself. Instead, the Former Board asks this Court to declare that BESE's specific actions in reconstituting the board were unlawful and to issue an injunction enjoining Defendants from "implementing the removal of Impact's Board of Directions" or "interfering with Impact's governance and operations." *Verified Complaint* [R. Doc. 1-4]. In doing so, Plaintiff effectively seeks to invalidate the legitimate exercise of BESE's statutory authority, without directly challenging the statute itself.

This is not a proper legal challenge. It is a collateral attack on a binding statutory mechanism that Education Explosion, Inc. agreed to be governed by pursuant to the Charter Contract. Louisiana Revised Statutes 17:3992(D) was enacted by Act 172 of the 2024 Regular Legislative Session and the Charter Contract incorporates future changes in applicable law. The possibility of reconstitution was known and accepted. The Reconstituted Board, installed by BESE, in compliance with La. R.S. 17:3992(D), is the only lawful board of directors. The legal effect of BESE's reconstitution stands, and this action should not be permitted to proceed on a theory that disregards that effect.

## CONCLUSION

For the reasons stated, the Reconstituted Board installed by BESE pursuant to La. R.S. 17:3992(D) is the lawful governing board of Education Explosion, Inc. It is the only body authorized to act on the corporation's behalf, including in this litigation.

Respectfully submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**

BY:   /s/ *Amanda M. LaGroue*

Carey T. Jones (#07474)
Amanda M. LaGroue (#35509)
Assistant Attorneys General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: jonescar@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

*Attorneys for Defendant, the Louisiana Board of Elementary and Secondary Education*

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 2nd day of June, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

/s/ *Amanda M. LaGroue*
AMANDA M. LAGROUE