UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDUCATION EXPLOSION, INC. d/b/a<br>IMPACT CHARTER SCHOOL | CIVIL ACTION |
| VERSUS | 3:25-cv-00163-JWD-RLB |
| LOUISIANA BOARD OF ELEMENTARY<br>AND SECONDARY EDUCATION | |

**PETITIONER'S REPLY BRIEF ON
THE PROPER GOVERNING BOARD OF EDUCATINO EXPLOSION, INC**

NOW INTO COURT, through undersigned counsels come, the Petitioners who respectfully submit the following reply brief in opposition of the briefs filed by the Defendant and the Interested Parties, and respectfully reassert all arguments in their first brief in support of the proper governing board:

    **I.**    **Petitioners have challenged the Constitutionality of R.S. 17:3992(D)**

The Defendant (BESE) incorrectly argued that the Petitioners have not brought a direct constitutional challenge to the statute. The Petitioners have directly challenged the statute by arguing that La. R.S. 17:3992(D) is violation of the 14th Amendment's Due Process Clause and Equal Protection Clause, as well as the Contracts Clause of Article I, Section X.

Additionally, the Defendant's actions constitute a First Amendment retaliation. Plaintiff's assert that there isa clear violation of the Equal Protection Clause of the Fourteenth Amendment. BESE selectively enforced oversight powers against Education Explosion, a high-performing, minority-led charter school, while taking no comparable action against similarly situated charter operators such as GEO Academies. GEO Academies' board members were found to have

committed ethics violations involving over $350,000 in improper self-dealing. Yet, BESE renewed GEO's charter without reconstitution, revocation, or restriction. Plaintiffs raise these facts to show disparate treatment lacking a rational basis, contrary to the ruling of *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

## II. R.S. 17:3992(D) does not and should not allow for the replacement of Board members selected by the Defendant (and/or Louisiana Department of Education)

BESE does not and should not have the authority to replace the Board of Education Explosion. The Petitioners argue that if R.S. 17:3992(D) is deemed to be constitutional and BESE is allowed to order the reconstitution of the Education Explosion Board, BESE does not and should not have the power to unilaterally replace the board members with individuals of their own choosing. Instead, the replacement of board members should be done in accordance with the Articles of Incorporation and Bylaws of the private corporation. Certainly, BESE can set forth qualifications and criteria necessary to be a board member but allowing them to unilaterally select the replacement board member goes directly against the favor of private governance afforded to charter schools.

Additionally, reconstitution of a board does not require complete removal and replacement of all of its members. Here BESE removed all of the members of Education Explosion, despite not speaking with each board member prior to voting to replace the entire board. Furthermore, if the concerns of the members of the board operate this awarded charter school, these concerns can not apply to every board members. For example, member Euguene Collins was added to the Board of Education Explosion after the Legislative Auditor's report was released. Certainly, he was not responsible for any of the concerns BESE had on how the board was being run.

### III. Case law cited by the Defendant is distinguishable from the facts the matter of Education Explosion.

Defendants' reliance on *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986), is misplaced. In *Bender*, the Supreme Court held that an individual school board member lacked standing to appeal a decision on behalf of the full board without board authorization. That case turned on the lack of authority of a lone board member, not the question of which full board constitutes the proper governing body of a nonprofit corporation under constitutional scrutiny.

Here, by contrast, the original board of Education Explosion, not an individual, filed suit in its full capacity as the recognized corporate board. Unlike in *Bender*, there is no dispute that this board existed and was functioning at the time of filing. What the BESE appointees seek is not to defend corporate representation, but to use their own appointments to extinguish this litigation entirely. That is a fundamental distortion of *Bender* and the principles it stands for. Further, unlike *Bender*, this case raises substantial federal constitutional issues, including due process, equal protection, and First Amendment retaliation, that cannot be resolved by procedural shortcuts or distorted applications of administrative precedent.

The Reconstituted Board's reliance on *Pelican Chapter, Associated Builders & Contractors, Inc. v. Edwards*, 128 F.3d 910 (5th Cir. 1997), is likewise inapposite. That case involved whether a trade association could sue on behalf of its members, an issue of associational standing, not corporate identity or Rule 17 real-party-in-interest concerns.

Here, the original board of Education Explosion filed suit in its own right, not on behalf of others. The injury is direct and substantial: the board and nonprofit were stripped of governance authority, financial control, and operational leadership. *Pelican* has no bearing where the plaintiff

entity is suing to redress its own deprivation of constitutional rights, not asserting those of third parties.

### IV. The Reconstituted Board is not the legal governing body, because the Defendant's actions took in reconstituting the board of Education Explosion are in violation of La. Admin. Code Tit. 28 Part CXXXIX. Bulletin 126 - Charter Schools §2105(B).

If R.S. 17:3992(D) is deemed constitutional and this Court deems that not only can a state agency reconstitute, but unilaterally replace a board of a private non-profit corporation, the statute does not afford BESE the power to circumvent La. Admin. Code Tit. 28.

First, a hearing is required before a decision regarding reconstitution can be made. "Prior to a decision regarding reconstitution of a charter governing body, the charter authorizer shall conduct a public hearing regarding the recommendation to reconstitute." *La. Admin. Code Tit. 28 Part CXXXIX. Bulletin 126 - Charter Schools §2105(B).* Here, the public meeting which should be limited to the recommendation to reconstitute the board of Education Explosion led to the reconstitution and full replacement of the board. A hearing regarding recommending the reconstitution of a charter school does not mean that BESE can replace the entire board of directors within the same hearing. Practically that does not make any sense, how can BESE have replacement board members in stow prior to a hearing regarding the recommendation to reconstitute, unless a decision was made by the entire BESE board in advance of the "hearing regarding recommendation," which would call into question whether or not BESE has met prior to the public hearing on recommendation, thus putting themselves in violation of open meeting laws.

Second, there was nothing in that particular section of the Code regarding notice of hearing. However, recommendation of revocation of a charter generally follows "notice of concern" and "notice of breach" and since the language for revocation of a charter mirrors that for reconstitution, the Petitioner's argue the same process should be followed. Hence, the entire basis for R.S. 17:3992(D) is that reconstitution can be used as a remedy instead of the revocation of the charter.

A revocation review may be initiated by the Department if the school fails "to meet the requirements specified in the notice of breach, in instances of ongoing and significant concerns, or when the safety, health, or welfare of students is threatened." *La. Admin. Code Tit. 28 Part CXXXIX. Bulletin 126 - Charter Schools §1105(A)(4)*. This may include visits to the school or an in-depth audit. *Id.* Findings from the review "will determine whether the LDOE shall commence revocation proceedings, whether the school will be granted a new or revised notice of breach, or whether reconstitution of the governing board will be recommended in accordance with § 2105 of this Part." *Id.*

Regarding the "notice of breach," Section 1105(A)(2) provides for "notice of concern" and 1105(A)(3) provides for "notice of breach." These apply when "a school fall[s] out of compliance with requirements outlined in the charter school performance compact, law, or BESE policy." *La. Admin. Code Tit. 28 Part CXXXIX. Bulletin 126 - Charter Schools §1105(A)*. A "notice of concern" is provided to a school when the Department of Education has "significant concerns or questions" or if they receive a verified complaint. This notice is required to "contain specific actions and due dates required to remedy the concern." *Id.* at (A)(2). If the school remedies the concern, they return to good standing. *Id.* "For significant, intentional, or repeated non-compliance with requirements outlined in the charter school performance compact, law, or BESE

policy, or if a school fails to correct a notice of concern, the school will be issued a notice of breach that will contain specific actions and due dates required to remedy the breach." *Id.* at (A)(3).

## **CONCLUSION**

WHEREFORE, the Petitioners, Education Explosion, Inc. prays that this Honorable Court accepts their Reply Brief and recognizes the Original Board, duly installed pursuant to the governing bylaws, as the only lawful governing board of Education Explosion, Inc.

RESPECTFULLY SUBMITTED:

/s/ Ashley N. Greenhouse

Certificate of Service

I hereby certify that a copy of this brief has been served upon all counsel of record through the CM/ECF filing system for the Middle District of Louisiana on this the 9th day of June, 2025.

/s/ Ashley N. Greenhouse
Ashley N. Greenhouse