UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**EDUCATION EXPLOSION, INC. d/b/a**
**IMPACT CHARTER SCHOOL**                          **CIVIL ACTION**

**VERSUS**                                                              **3:25-cv-00163-JWD-RLB**

**LOUISIANA BOARD OF ELEMENTARY**
**AND SECONDARY EDUCATION**

### REPLY IN SUPPORT OF MOTION TO INTERVENE

**NOW INTO COURT**, through undersigned counsel, comes the Proposed Intervenors, "Original Board Members," respectfully submitting this Reply to the Joint Motion Opposing the Original Board Members Motion to Intervene, in further support of Motion to Intervene.

### INTRODUCTION

The Opposition's arguments are built on a foundation of circular logic: it contends that the Original Board Members lacks a legally protectable interest in this litigation because BESE "lawfully removed" them. This argument improperly presupposes the answer to the central legal and constitutional question before this Court—namely, whether BESE's unprecedented action on February 21, 2025, was, in fact, lawful. The Opposition asks this Court to deny the Original Board Members the right to participate in a case that will adjudicate the very legality of their ouster. To accept this reasoning would be to endorse a manifest injustice, allowing the parties responsible for a potential violation of constitutional and statutory rights to silence the very individuals whose rights were violated.

1

## LAW AND ARGUMENTS

*INTERVENTION OF RIGHT*

The Original Board Members, duly elected to serve, have the right to intervene. To intervene by right, the proposed intervenor must be "given an unconditional right to intervene by federal statute," Fed. R. Civ. P. 24(a)(1), or must satisfy each of the requirements of Rule 24(a)(2):

(1) the application for intervention must be timely;

(2) the applicant must have an interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest;

(4) the applicant's interest must be inadequately represented by the existing parties to the suit. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)

Replacement Board Plaintiff and BESE acknowledged that Proposed Intervenors, the Original Board Members, timely filed Motion to Intervene. This Reply will emphasize the remaining three, disputed, elements, to demonstrate the Proposed Intervenors' right to intervene.

*APPLICANT'S INTEREST*

The Opposition's primary argument, that the Original Board lacks a legally protectable interest, is fundamentally flawed. It rests entirely on the self-serving and contested conclusion that BESE's reconstitution of the Board was lawful. This is precisely the issue this litigation was commenced to resolve. The "property or transaction that is the subject of the action," Fed. R.

2

Civ. P. 24(a)(2), is the February 21, 2025 BESE vote and resulting seizure of control over Education Explosion, Inc. The Original Board's interest in challenging the legality of their own removal from governance is not merely "legally protectable," it is the quintessential interest that intervention is designed to protect.

The Opposition's reliance on La. R.S. 17: 3992(D) as a dispositive tool to extinguish the Original Board Members' interest is misplaced. The Original Board Members, through the *Complaint in Intervention,* directly challenges the constitutionality and applicability of that very statute. The Complaint alleges that BESE's actions, purportedly taken under this statute, violated the Original Board's right under the Due Process Clause of the Fourteenth Amendment, the Contracts Clause of the U.S. Constitution, and the overarching framework of Louisiana's Charter School Law, La. R.S. 17:3971, *et. seq.* An interest in vindicating one's own constitutional rights against unlawful government action is, by definition, a "significant legally protectable interest." 'Intervention of right is proper where the intervenor has a direct, substantial, legally protectable interest in the proceedings.' *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

The Original Board Member has a direct interest in defending this statutory principle of autonomy, which BESE's actions have allegedly trampled. This is not an abstract interest; it is a concrete interest in the governance and control of the specific nonprofit corporation they were elected to lead, a right which they contend was unlawfully usurped.

### *POTENTIONAL FOR IMPAIRMENT OF INTEREST*

If the Original Board is denied intervention, its interests will not merely be impaired; they will be extinguished. The central claims in this case, brought by the original Plaintiff and asserted by the Proposed Intervenors, seek declaratory and injunctive relief regarding the lawfulness of BESE's February 21, 2025 action. A final judgment in this case will adjudicate the rights to govern

3

Education Explosion, Inc. If the Court, in the Original Board's absence, were to rule in favor of BESE and the Replacement Board, that decision would have a direct and preclusive effect on any subsequent attempt by the Original Board to litigate their claims. It would validate their removal and permanently bar their return to governance. This is the precise definition of impairment contemplated by Rule 24(a)(2).

Furthermore, the Opposition's citation to Louisiana statutes concerning the cessation of fiduciary duties upon a board member's removal, such as La. R.S. 11:264.5, is a red herring. Those statutes presume a *lawful* removal through proper corporate or statutory process. They do not, and cannot, serve to retroactively validate an *unlawful* removal or strip the aggrieved parties of their right to challenge that removal in court. The Original Board Member's interest is not in exercising fiduciary duties post-removal; their interest is in demonstrating that the removal itself was void *ab initio*, thereby restoring them to the positions from which those duties flow.

The Opposition cannot use the consequences of its challenged action as a shield to prevent a challenge to the action itself. The interest at stake is also grounded in the foundational principles of Louisiana's charter school system. The Fifth Circuit has recognized that "the Louisiana legislature intentionally chose to have charter schools subject to private control and to insulate them from the political process." *Voices for International Business and Education, Inc. v. National Labor Relations Board*, 905 F.3d 770, 778 (5th Cir. 2018).

The Opposition's assertion that this action cannot impair the Original Board's rights "because they do not have a protectable interest" is, once again, a tautology that ignores the purpose of the rule. The rule requires the Court to assume, for the purpose of the intervention analysis, that the movant's asserted interest is valid. The inquiry is whether the ongoing litigation threatens *that asserted interest*. Here, the threat is existential.

## *INADEQUACY OF REPRESENTATION BY EXISTING PARTIES*

The Opposition's argument regarding adequacy of representation is perhaps its most untenable. It is a legal and logical absurdity to suggest that the Original Board's interests can be adequately represented by its direct adversaries. The Replacement Board's entire claim to authority derives from the very act the Original Board challenges as unlawful. Their interest is diametrically opposed to that of the Original Board; they seek to uphold the BESE action that installed them, while the Original Board seeks to have it declared void. The conflict is not theoretical; it is absolute.

Similarly, BESE's interest is in defending its own governmental conduct and expanding its regulatory power.  It has no incentive—and no ability—to argue that it violated the Original Board's due process rights, breached its contract with Education Explosion, Inc., or overstepped its statutory authority under the Louisiana Charter School Law.

The burden to show inadequacy of representation is "minimal," and it is met when the intervenor shows that the existing representative has an interest adverse to the intervenor. The applicant need only show that the representation "may be" inadequate.' *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Moreover, the existing parties cannot represent the unique and personal claims of the Original Board members. The claim for a violation of procedural due process under 42 U.S.C. § 1983 belongs to the individuals who were deprived of their property and liberty interests without a proper hearing. The Replacement Board has no standing to assert these claims on behalf of the Original Board, nor would it ever have the desire to do so.

Only the Original Board can seek redress for the specific constitutional torts committed against them. To deny intervention would be to deny them their day in court on these personal,

5

constitutionally-grounded claims. The Replacement Board and BESE seek a judicial imprimatur for the very action that harmed the Original Board. Allowing them to obtain such a ruling without the participation of the aggrieved parties would make a mockery of the procedural protections intervention is meant to afford.

## CONCLUSION

As demonstrated herein, the Original Board Members overwhelmingly satisfies every requirement for intervention as of right under Federal Rule of Civil Procedure 24(a)(2). The Original Board Members possess a direct and substantial interest in the governance of Impact Charter School and in the vindication of their own due process rights. This interest will be irrevocably impaired if they are excluded from this action, and it is axiomatic that their interests cannot be adequately represented by the very state agency that removed them and the hand-picked replacements who now occupy their seats. Accordingly, the Motion to Intervene must be granted.

RESPECTFULLY SUBMITTED,

**/s/ Ashley N. Greenhouse**
Ashley N. Greenhouse, LSBN 32166
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
6215 Holyfield Drive, Unit 2D
Baton Rouge, LA 70809
Ofc: 225-663-8869
Fax: 888-900-9771
agreenhouse@ronaldhaleylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record, this 14th day of August 2025.

**/s/ Ashley N. Greenhouse, Esq.**