# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDUCATION EXPLOSION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-163-JWD-RLB** |
| **LOUISIANA BOARD OF ELEMENTARY AND SECONDARY EDUCATION** | **CONSOLIDATED WITH NO. 25-888-JWD-RLB** |

## ORDER

Before the Court is the Motion to Stay Discovery filed by Defendants Taveres A. Walker and Ronnie Morris. (R. Doc. 122). The motion is opposed. (R. Doc. 127).

**I.     Background**

On February 23, 2025, Education Explosion d/b/a Impact Charter School ("Impact") commenced the first of these consolidated actions by filing a Verified Complaint, naming the Louisiana Board of Elementary and Secondary Education ("BESE") as the sole defendant. (R. Doc. 1). Chakesha Scott ("Scott"), the CEO of Impact, submitted a supporting Declaration. (R. Doc. 1-1). In the Verified Complaint, Impact alleges that, in 2014, Scott started the charter school in Baker, Louisiana, pursuant to a charter agreement with BESE. (R. Doc. 1 at 1). Impact filed this lawsuit after BESE removed Impact's Board of Directors, which included the five members Eugene Collins, Tammy Clark, Jacqueline Huggins, Gwendolyn McClain, and Lakeisha Robertson (collectively, the "Original Board"),[1] replacing them with state appointees (the "Replacement Board."). (R. Doc. 1 at 2-3). Impact further alleges that the reconstitution of the board resulted in constitutional and statutory violations, including violation of due process, violation of Louisiana's laws governing charter schools, violation of federal non-profit

---

[1] It is unclear whether there are additional members of the original Board of Directors.

governance laws, and violation of the Contracts Clause of the U.S. Constitution. (R. Doc. 1 at 3-4). Impact also filed an Emergency Motion for Temporary Restraining Order. (R. Doc. 2).

On February 26, 2025, Impact filed a Motion to Dismiss with Prejudice, asserting that it had fired the attorney who commenced this action on behalf of Impact. (R. Doc. 8).

Within one week of the commencement of the initial lawsuit, Impact and the Replacement Board enrolled new counsel on their behalf. (*See* R. Doc. 9).

On March 12, 2025, BESE filed a motion to dismiss pursuant to Rule 12(b)(1) and (6). (R. Doc. 14).

Prior to ruling on Impact's Motion for Temporary Restraining Order (R. Doc. 2) and BESE's Motions to Dismiss (R. Docs. 8, 14), the district judge provided the Original Board with the opportunity to seek leave to intervene in this action and assert any claims they may have against BESE or the Replacement Board. (R. Doc. 43). The Original Board filed their Motion to Intervene on July 9, 2025. (R. Doc. 44).

On July 28, 2025, through separate counsel, Scott filed her own Motion to Intervene on July 28, 2025. (R. Doc. 47).

Later that same day, the district judge issued a ruling dismissing Impact's claims against BESE, without prejudice, and providing 28 days (1) for the Replacement Board (as the effective plaintiff in this action) to file an amended pleading addressing the deficiencies in the ruling and (2) for any proposed plaintiffs-in-intervention to file amended complaints in intervention. (R. Doc. 51). The district judge specifically concluded that an exercise of subject matter jurisdiction over the pending motions to intervene is proper despite the dismissal of BESE as a defendant. (R. Doc. 51 at 14).

On August 1, 2025, the Original Board submitted an Amended Proposed Complaint in Intervention, which specifically names as defendants-in-intervention the BESE Board members Paul Hollis, Dr. Sharon Latten Clark, Sandy Holloway, Stacey Melerine, Lance Harris, Ronnie Morris, Kevin Berken, Preston Castille, Conrad Appel, Dr. Judy Armstrong, and Simone Champagne (collectively, the "BESE Board"). (R. Doc. 53).

On August 15, 2025, BESE filed its Motion to Strike Amended Proposed Complaint in Intervention, which seeks an order striking the foregoing proposed pleading pursuant to Rule 12(f). (R. Doc. 62).

The Replacement Board (as the effective plaintiff in this action) did not file a timely amended pleading addressing the deficiencies in the district judge's ruling.

On October 3, 2025, Scott commenced a separate civil action, naming as defendants Taveres A. Walker ("Walker"), in his individual capacity and in his official capacity as Executive of BESE, and Ronnie Morris ("Morris") in his official capacity as the President of BESE. *See Scott v. Walker, et al*., No. 25-888-JWD-RLB. These civil actions were consolidated on October 16, 2025. (R. Doc. 80).

After consolidation, the Court ordered Scott to file a proposed pleading as required by Rule 24(c), or otherwise withdraw her Motion to Intervene in light of the separate consolidated action. (R. Doc. 81). Scott subsequently filed her Proposed Complaint in Intervention, which seeks to name Impact and the Replacement Board as defendants-in-intervention. (R. Doc. 96).

On October 23, 2025, Walker and Morris filed a Motion to Dismiss, which seeks dismissal, pursuant to Rule 12(b)(6), of Scott's original Complaint in Civil Action No. 25-888. (R. Doc. 87). In that motion, Walker and Morris argue that Scott's claims are barred by sovereign immunity under the Eleventh Amendment or precluded by the defense of qualified

immunity to the extent Scott seeks recovery against them in their individual capacities. (*See* R. Doc. 87-1 at 10-15).

On October 30, 2025, the Court granted the Original Board's Motion to Intervene (R. Doc. 44), granted Scott's Motion to Intervene (R. Doc. 47), and denied BESE's Motion to Strike (R. Doc. 62). (*See* R. Doc. 100).

On November 16, 2025, the BESE Board filed a Motion to Dismiss, which seeks dismissal, pursuant to Rule 12(b)(6), of the Original Board's Complaint-in-Intervention filed in Civil Action No. 25-163. (R. Doc. 120). In that motion, the BESE Board argue that the Original Board's claims are barred by sovereign immunity under the Eleventh Amendment or precluded by the defense of qualified immunity to the extent the Original Board seeks recovery against any BESE Board members in their individual capacities. (*See* R. Doc. 120 at 9-13).

Later that same day, Walker and Morris filed the instant Motion to Stay Discovery. (R. Doc. 122). Through this motion, Morris and Walker seek a stay of discovery in the consolidated actions pending resolution of their Motion to Dismiss in light of the defenses of sovereign and qualified immunity. In opposing the motion, Scott argues that, pursuant to Rule 12(d), Walker and Morris's Rule 12(b)(6) motion to dismiss should be converted into a Rule 56 motion for summary judgment, therefore allowing Scott to conduct discovery. (R. Doc. 127).

## II.     Law and Analysis

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of

fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134

F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir.

1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots

Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court

has broad discretion and inherent power to stay discovery until preliminary questions that may

dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from

liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields

government officials from individual liability for performing discretionary functions unless their

conduct violates clearly established statutory or constitutional rights of which a reasonable

person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense

of qualified immunity in a motion to dismiss must be stayed until resolution of the defense of

qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional
> claims against an officer claiming [qualified immunity] must survive the motion
> to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded

that a district court abused its discretion by deferring its ruling on a motion to dismiss on

qualified immunity grounds and subjecting the public official defendants to discovery on the

plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and

complications caused by bifurcated discovery. *Id*. at 310-314. The Fifth Circuit expressly held

that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.*

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity. *See*, *e.g.*, *Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022).

Having reviewed the record and the applicable law, the Court finds it appropriate to stay all discovery in these consolidated actions until resolution of the pending Motions to Dismiss (R. Docs. 87, 120), both of which raise the defense of qualified immunity. The *Carswell* decision controls the outcome of the instant motion to stay discovery. Given the assertion of the qualified

immunity defense, the Court must stay all discovery with respect to all defendants, including discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to those defendants. *Carswell*, 54 F.4th at 313-314; *see also Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[S]overeign immunity is an immunity from *suit* (including discovery), not just liability.").

To be clear, Scott and the Original Board have had an opportunity to respond to the respective Motions to Dismiss. (*See* R. Doc. 118, 126). The district judge will have the opportunity to address any and all arguments with respect to the need for discovery to address the immunity defenses raised in those motions.

## III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Stay Discovery filed by Defendants Taveres A. Walker and Ronnie Morris (R. Doc. 122) is **GRANTED**, and discovery is **STAYED** in these consolidated actions until further order of the Court. The parties shall contact the undersigned's chambers upon a resolution of the pending Motions to Dismiss (R. Docs. 87, 120) so appropriate orders may be issued if necessary.

Signed in Baton Rouge, Louisiana, on January 14, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

7